IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMUEL UPTHEGROVE,

    Plaintiff,

v.

KEVIN CARR, KEVIN KALLAS,
SCOTT ECKSTEIN, STEVE SCHEULER,
JOHN KIND, RYAN BAUMANN, and
JAY VAN LANEN,

    Defendants.

OPINION & ORDER

Case No. 18-cv-847-wmc

*Pro se* plaintiff Samuel Upthegrove is proceeding in this lawsuit on Eighth Amendment deliberate indifference claims, all of which relate to how supervisory officials at Green Bay Correctional Institution ("GBCI") have been managing prisoner mental health care needs since 2016. More specifically, Upthegrove is proceeding against Wisconsin Department Correction ("DOC") Secretary Kevin Carr, DOC mental health director Kevin Kallas, and GBCI supervisory officials, Scott Eckstein, Steve Schueler, John Kind, Ryan Baumann and Jay Van Lanen for their alleged failure to ensure that GBCI had adequate staff and policies to respond to mental health requests, especially during periods of lock-down.

On October 16, 2019, the court screened Upthegrove's complaint, asked for input from defendants on whether to appoint a neutral expert to evaluate Upthegrove's mental health needs, and denied Upthegrove's requests for preliminary injunctive relief. On November 29, 2019, defendants filed a response related to the neutral expert question (dkt. #32), a motion for summary judgment on exhaustion grounds (dkt. #27), and a

motion to transfer to the Eastern District of Wisconsin (dkt. #31) should this case proceed. However, while those motions were being briefed, Upthegrove reported self-harm, shifting focus to ensuring that Upthegrove was not at risk of serious harm.

Having now received the parties' status reports about Upthegrove's current mental health and the defendants' motions having now been fully briefed, the court is satisfied that no further intervention is necessary to address Upthegrove's current mental health needs. While Upthegrove raises certain, ongoing concerns about the conditions of his confinement, it is apparent that GBCI staff are taking reasonable, consistent and adequate measures to address his ongoing mental health needs, and Upthegrove is doing his part to avoid pitfalls that may lead to thoughts of, or opportunities for, self-harm and has further agreed to inform staff when he does have such thoughts.

Accordingly, the court will turn in this opinion to the pending motions, (1) denying defendants' motion for summary judgment for plaintiff's failure to exhaust his administrative remedies, (2) denying defendants' motion to transfer without prejudice, and (3) declining to recruit a neutral expert at this time.[1]

I.  **Exhaustion**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

---

[1] Upthegrove also filed a motion for clarification related to defendants' status report, asking the court to order defendants to send him a copy of an exhibit defendants attached to their status report. (Dkt. #53.) Defendants filed a certificate of service along with the status report, indicating that they sent Upthegrove the exhibit, so if Upthegrove did not receive the exhibit, it appears to be an oversight. If he still does not have the exhibit at this point, Upthegrove should reach out to defense counsel directly to obtain a copy. Accordingly, that motion will be denied.

2

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The exhaustion requirement is intended to give prison administrators a fair opportunity to resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under the regulations applicable in 2016, prisoners were required to start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). Moreover, the inmate was allowed to "[c]ontain only one issue per complaint, and must have] clearly identif[ied] the issue." *Id.* § 310.09(e).

If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could then appeal the rejection. *Id.* § 310.11(6). If the complaint was not rejected, the institution examiner was to make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13.

Prisoners were also required to appeal a reviewing authority's decision within "10 calendar days." Wis. Admin. Code § DOC 310.13(1). The corrections examiner then made a recommendation to the Secretary of the Department of Corrections, who took final action. *Id.* §§ 310.13, 310.14. "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." *Id.* § 310.13(2).

Upthegrove has filed two inmate complaints challenging how GBCI officials have handled his mental health needs: GBCI-2016-6399 and GBCI-2018-15800. For different reasons, defendants argue that neither inmate complaint served to exhaust Upthegrove's administrative remedies with respect to his claims in this lawsuit. Accordingly, the court will address them separately.

### A. GBCI-2016-6399

Upthegrove filed GBCI-2016-6399 in March of 2016, alleging that GBCI was unable to address his specific mental health needs. (Ex. 1003 (dkt. #29-2) 11-12.) In particular, he complained that staff was not trained in Dialectic Behavioral Therapy

4

("DBT") or in the trauma treatment he needed to address his borderline personality and depressive disorders. Kevin Kallas, the reviewing authority, dismissed that complaint on April 4, 2016. Upthegrove appealed to the Corrections Complaint Examiner's Office, which agreed with the dismissal recommendation and dismissed Upthegrove's appeal on September 16, 2016.

Defendants agree that Upthegrove *exhausted* his claims GBCI-2016-6399. However, their position is that Upthegrove cannot proceed in this lawsuit because on February 2, 2017, he entered into a settlement and release in another case in this court, *Upthegrove v. Baird*, No. 15-cv-509, dkt. #31 (W.D. Wis.). Defendants explain that in exchange for payment of $13,000, Upthegrove agreed to dismiss that pending case, but also to release any and all claims up through the date of that agreement. (Ex. 1005 (dkt. #34-1) 3.) Accordingly, defendants' ultimate position is that any claims falling under Upthegrove's GBCI-2016-6399 inmate complaint were covered by the broad terms of that release and, thus, extinguished by agreement.

Of course, Upthegrove's arguable failure to honor a release of his claims does not establish a failure to exhaust his administrative remedies with respect to any challenges arising out of deficiencies in the manner in which GBCI handled his mental health treatment. Defendants have also cited no authority permitting the court to take up that issue as part of a motion under § 1997e(a). Having acknowledged that Upthegrove properly exhausted his challenge to the adequacy of GBCI's mental health staff, therefore, the court sees no legal basis to conclude that Upthegrove failed to follow the DOC's exhaustion requirements. This is not to say that the court is unsympathetic to defendants'

complaint that plaintiff released these claims. Rather, if defendants want to hold Upthegrove to the terms of his settlement agreement in the '509 case, their remedy would be to seek leave to amend their answer in this case to assert the release as an affirmative defense or a breach of contract claim under the terms of the settlement agreement, and if the language of the agreement is as straightforward as represented, seek leave to get expedited partial summary judgment on that defense or claim alone. The court will give defendants thirty days to pursue this avenue for relief.

**B. GBCI-2018-15800**

In contrast, Upthegrove did not file inmate complaint GBCI-2018-15800 until July 23, 2018, which asserted that he was not receiving adequate psychotherapy or other mental health programming and treatment, and sought at least one individual therapy session per week. (Ex. 1004 (dkt. #29-3) 9.). The reviewing authority Marlena Larson agreed with the ICE's recommendation to dismiss this complaint as well, and she dismissed it on August 13, 2018. Upthegrove did not appeal the dismissal of that complaint as required.

Defendants are correct that Upthegrove failed to complete the exhaustion process with respect to this inmate complaint.[2] Understandably, Upthegrove claims that appealing GBCI-2018-15800 would have been futile since his other complaints have been

---

[2] Upthegrove adds that he filed another inmate complaint about mental health care even more recently, GBCI-2019-21877. Assuming that he properly appealed the resolution of that inmate complaint, however, Upthegrove was required to exhaust all of his available administrative remedies before filing this lawsuit. *Perez*, 182 F.3d at 534-35. Since Upthegrove filed his complaint on October 15, 2018, GBCI-2019-21877 would not serve to exhaust his claims for purposes of this case.

6

unsuccessful, but a prisoner's belief that following prison exhaustion procedures would be fruitless does *not* relieve him of that obligation. *See Perez*, 182 F.3d at 537 ("There is no futility exception to § 1997e(a)."). However, since the court concluded that Upthegrove exhausted his challenge to GBCI's mental health treatment generally through GBCI-2016-6399, the court must deny defendants' narrow motion for lack of exhaustion.

II.      Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) and Neutral Expert

Defendants bring their motion to transfer under 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other court where it might have been brought." *Id.* The court is giving defendants the opportunity to develop their affirmative defense that Upthegrove has released his claims in this lawsuit and agreed not to sue. As such, it would be premature to transfer this lawsuit. If defendants choose not to pursue this affirmative defense, or if they do pursue it and any of Upthegrove's claims in this lawsuit survive, defendants may renew their motion. Similarly, since Upthegrove's claims in this lawsuit may be curtailed based on defendants' affirmative defense, the court declines to recruit a neutral expert at this time.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. #27) is DENIED.

2. Defendants' motion to transfer to the Eastern District of Wisconsin (dkt. #31) is DENIED without prejudice.

3. Defendants have until **April 24, 2020,** to seek leave to add an affirmative defense related to Upthegrove's release and file a motion for summary judgment related to that defense.

4. Plaintiff Samuel Upthegrove's motion for clarification (dkt. #53) is DENIED.

Entered this 25th day of March, 2020.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge